[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Roberson and Kumiega, LLC, applies for prejudgment remedies to levy against property of the defendants, Kenneth and Donna Mader. On November 21, 2000, the court held an evidentiary hearing on this application.
Under General Statutes § 52-278d and the particular claims urged by the parties, the court's function is limited to determining whether probable cause exists that a judgment in the amount sought in the prejudgment remedy application, taking into account any defenses, will be rendered in favor of the plaintiff. Probable cause is a genuine belief in a set of facts which a person of ordinary judgment and caution would entertain under the circumstances presented, New England Land Co., Ltd.v. DeMarkey, 213 Conn. 612, 620 (1990). Probable cause is less than that proof needed to establish a conclusion by a preponderance of the CT Page 14863 evidence, Id.
 I
Regarding the claim against Kenneth Mader, the court concludes that probable cause exists to believe that, on September 14, 1998, Kenneth Mader entered into a professional services agreement with the plaintiff, a law firm, whereby the plaintiff would provide legal advice and services to him regarding the propriety of filing for bankruptcy, the preparation of the bankruptcy petition and schedules, and attendance at the first creditor's meeting. Kenneth Mader agreed to pay $750 for such services. The agreement also provided that, if the plaintiff rendered additional legal services in conjunction with the bankruptcy proceedings, legal fees would be generated at a rate of $170 per hour. This agreement was supplemented by two later agreements, dated October 30, 1998, and January 12, 1999, whose terms were essentially the same as the September 14, 1998, agreement with the new requirements of addition retainers. The plaintiff rendered legal representation beyond the advice to file, filing of the bankruptcy petition and schedules, and attendance at the first meeting of creditors. The unpaid balance for the legal fees generated by the representation of Kenneth Mader during the bankruptcy proceedings is approximately $100,000.
Consequently, the court grants the application for prejudgment remedy against the property of Kenneth Mader in the amount of $100,000.
 II
As to Donna Mader, the court finds probable cause to believe that, on January 12, 1999, she entered into a guaranty agreement to pay certain legal fees of her husband, Kenneth, for legal services rendered to him and to be rendered in the future regarding his bankruptcy proceedings. The court, however, finds that there is no probable cause to believe what particular sum is owed by her under the guaranty agreement.
The guaranty agreement is patently ambiguous as to what portion of the legal fees generated by representation of Kenneth Mader is covered by the guaranty. The first paragraph of the contract states that Donna Mader is liable for payment of "any and all liabilities" owed by her husband to the plaintiff in attorney's fees and costs. The second paragraph restricts the subject matter of the guaranty agreement to legal fees earned by the plaintiff relative to the bankruptcy proceeding arising from the defense to an objection to a claim for exempt property; a response to a motion to modify an automatic stay, a response to the bankruptcy trustee's application for engaging a real estate broker; a response to a complaint filed by a specific creditor; a response to a CT Page 14864 determination regarding dischargeability of a certain debt; and response to a request to turn over certain property.
The plaintiff contends that Donna Mader is responsible, under the agreement, for all of her husband's legal fees related to the bankruptcy proceedings. She argues that she guaranteed payment for legal fees incurred only for those matters specifically enumerated in the second paragraph of the contract.
The general rule is that ambiguous language in a contract is construed against the one who drafted the contract, Rejouis v. Greenwich Taxi,Inc., 57 Conn. App. 778, 786 (2000). This rule applies to indemnification agreements, Bentz v. Halsey, 54 Conn. App. 609, 619 (1999). Because the plaintiff drafted the guaranty agreement, the court interprets the agreement as providing recourse in the event of Kenneth's default in paying those legal fees generated for the matters expressly set forth in the second paragraph of the agreement.
The evidence adduced at the hearing was insufficient to warrant a genuine belief that an ascertainable amount of unpaid legal fees relate solely to those specific matters. The application for prejudgment remedy is denied as to Donna Mader.
Sferrazza, J.